UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY S. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 10 C 5923 |
| v. | ) |
| | ) Judge Mannning |
| HAROLDS II BAR AND GRILL INC. | ) Mag. Judge Finnegan |
| d/b/a HAROLDS CHICKEN, | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

**PLAINTIFF ANTHONY WALKER'S
MOTION FOR AWARD OF DAMAGES**

Plaintiff Anthony Walker, through his undersigned attorney, requests that the Court enter an order and final judgment awarding him damages and attorney's fees against Defendant Harold II Bar and Grill Inc. d/b/a Harolds Chicken (hereinafter "Harolds Chicken"). In support thereof, Plaintiff states as follows:

1. On November 30, 2010, Plaintiff filed his First Amended Complaint against Harolds Chicken (Doc. 12).

2. In his First Amended Complaint, Plaintiff set forth claims for:

a. Non-payment of wages and final compensation, including but not limited to minimum wages and overtime wages arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment Collection Act ("IWCPA"), 820 ILCS 115/1 *et seq*. (First Amended Complaint, Counts IV, V and VI);

1

b. Retaliatory discharge under § 215(a)(3) of the FLSA, the Illinois Whistleblower Act ("IWA"), 740 ILCS 174/1 et seq., and under Illinois common law (See First Amended Complaint, Counts VII, VIII and IX);

c. Discrimination based on sex and religion under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. sec. 2000e *et seq*. and 42 U.S.C. sec. 1981a (See First Amended Complaint, Counts I and II); and

d. Discrimination based on age under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. sec. 621 *et seq.* (See First Amended Complaint, Count III).

3. On September 26, 2011, the Court entered a default judgment against Harolds Chicken (Doc. 35).

4. Based on the allegations in the First Amended Complaint (Doc. 12) and Walker's Declaration (which is attached hereto as Exhibit A), Walker requests damages as set forth below:

**A. Walker's Damages on his Count IV, V and VI FLSA, IMWL, and IWCPA Claims For Failure to Pay Wages**

5. As set forth in the First Amended Complaint at paras. 20-21, Harolds Chicken did not pay Walker for his first week of work (in which he worked over 40 hours) and his last week of work. See also Walker's Declaration at paras. 7-11.

6. As set forth in Walker's Declaration at para. 7, Walker should have been paid $440.00 for the 50 hours he worked during this first week of work calculated as follows: (40 hours x $8) + (10 hours x $12 (at time and a half)).[1] In addition, Walker should have been paid $320.00 for the 40 hours that he worked during this last week of work calculated as follows: 40 x

---

[1] The minimum wage was $8.00 per hour at the time Walker worked for Harolds Chicken. See 820 ILCS 105/4.

$8.00 per hour. Walker's Declaration, at para. 11. Thus, Walker's total unpaid wages for the above mentioned period of time is $760.00. See *Anderson v. Mt Clemens Pottery Co.*, 328 U.S. 680, 688 (1946) (holding that where an employer has failed to keep adequate records, estimates of damages are acceptable).

7. Harolds Chicken's failure to pay Walker the minimum wage for above-mentioned period violated section 206(a)(1) of the FLSA and section 105/4 of the IMWL. In addition, Harolds Chicken's failure to pay Walker overtime for the ten hours he worked over forty hours during the above-mentioned period violated section 207 of the FLSA and 105/4a of the IMWL. Finally, Harolds Chicken's failure to pay Walker all wages and final compensation due him violated the IWCPA.

8. Under section 216(b) of the FLSA, Walker is entitled to damages in the amount of unpaid minimum wages and unpaid overtime compensation and an additional equal amount as liquidated damages. The Seventh Circuit has held that liquidated damages are mandatory unless there is an explicit finding that the employer acted in good faith. *Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 732 (7th Cir. 1998).

9. Under section 105/12(a) of the IMWL and 115.14(a) of the IWCPA, Walker is also entitled to recover unpaid wages, plus additional damages in the amount of two percent (2%) per month of the amount of the under payments.

10. Walker's under payments under the FLSA were $760.00. Thus, Walker requests damages in the amount of $760.00 and liquidated damages in the amount of $760.00 for a total of $1520.00 in damages on his Count V FLSA claim.

11. Walker also seeks damages in the amount of $1,155.20 (calculated $760 in

under payments plus $395.20 ($760 in under payments x 2% x 26 months) on his IMWL and IWCPA claims. However, since such damages would be duplicative of his recovery they should not be awarded in addition to Walker's FLSA damages, if he receives the damages requested on his Count V FLSA claim.

  **B. Walker's Damages on his Counts VII, VIII and IX FLSA, IWA and Illinois Common Law Retaliatory Discharge Claims.**

  12. As set forth in paragraph 23 of the First Amended Complaint, prior to being discharged, Walker filed a complaint within the meaning of section 215(a)(3) of the FLSA by orally complaining about the fact that he had not been paid for his first week of employment. In addition as set forth in paragraph 26 of the First Amended Complaint, Harolds Chicken's actions were willful in that they knew that by discharging Walker in retaliation for his complaints about not getting paid for his work violated the FLSA and Illinois law.

  13. Section 215(a)(3) makes it unlawful for any person to "discharge . . . any employee because such employee filed a complaint . . . under or related to this chapter." In *Kasten v. Saint-Goben Performance Plastics Corp.*, 570 F.3d 834, 837-40 (7th Cir. 2009), *vacated and remanded*, 131 S. Ct. 1325 (2011), the Seventh Circuit held that section 215(a)(3) prohibited retaliation based on intra company complaints but that the complaints had to be in writing. *See also Lambert v. Ackerly*, 180 F.3d 997, 1003-1007 (9th Cir. 1999) (*en banc*) (holding that informal complaints regarding FLSA violations even just to supervisors are covered by the FLSA's anti-retaliation provisions), *cert. denied*, 528 U.S. 1116, 120 S.Ct. 936 (2000). However, in *Kasten v. Saint-Goben Performance Plastics Corp*, 131 S. Ct. 1325 (2011) the United States Supreme Court overruled the Seventh Circuit's decision in Kasten, 570 F.3d 834,

4

to the extent the Seventh Circuit held that the complaints had to be in writing to be protected under the FLSA. Thus, Harolds Chicken unlawfully discharged Walker based on his oral complaint as set forth in Count VII of the First Amended Complaint.

14. Under section 216(b) of the FLSA:

> Any employer who violates the provisions of section 215(a)(3) of this title, shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

15. The Seventh Circuit has held that liquidated damages are mandatory unless there is an explicit finding that the employer acted in good faith. *Shea,* 152 F.3d at 732.

16. The Seventh Circuit has held that in addition to back pay and liquidated damages, employees who were discharged in violation of section 215(a)(3) of the FLSA are entitled to damages for emotional distress and punitive damages. See *Travis v. Gary Community Mental Health Center*, 921 F.2d 108, 110-111 (7th Cir. 1990); *Avita v. Metro. Club of Chicago*, 49 F.3d 1219, 1228-29 (7th Cir. 1995) (holding that: "The distress need not cross some threshold of severity to be a basis for damages." and approving damages for emotional distress in the amount of $10,500); *Shea,* 152 F.3d at 733-735 (reinstating award of punitive damages in the amount of $9,100).

17. As set forth below, Walker is entitled to damages for lost wages for retaliatory discharge under the FLSA for retaliation in the amount of $29,078   Walker was discharged on or about July 24, 2009. Walker Dec., at para. 12. If he would have continued working for Harolds Chicken for at least 40 hours per week from July 24, 2009 to the present, he would have earned at least $320 a week (40 hours x 8.00 per hour) from July 24, 2009 to June 30, 2010 and $330 per

5

week (40 hours x 8.25[2] per hour) from July 1, 2010 to the present. Walker Dec., at para. 18. Thus, Mr. Walker's total lost wages attributable to his discharge as of this date is $37,460 (49 weeks x $320 + 66 Weeks x $330). Walker Dec., at para. 18.

18. Interim earnings should be deducted from Walker's total lost wages to calculate his backpay. As set forth in Walker's Dec. at para. 4, at the same time he was working for Defendant Harolds Chicken, Walker also worked approximately 16 hours for a Harolds Chicken located at 9151 S. Ashland that was owned by a different franchisee. Walker testified that the work he performed for the Harolds Chicken franchisee located at 9151 S. Ashland did not interfere with his work for Defendant Harolds Chicken and that he would have continued working for the Harolds Chicken franchise at 9151 S. Ashland on weekends even if he had not been discharged by Defendant Harolds Chicken. Walker Dec. at para. 19-20. When he was discharged by Defendant Harolds Chicken, Walker continued to work for at the Harolds Chicken at 9151 S. Ashland on weekends until approximately September 1, 2010 at the rate of $8.00 per hour prior to July 1, 2010 and $8.25 per hour after July 1, 2010. Walker Dec. at para. 20. On or about September 1, 2010, Walker began working weekends and an additional 8 hour day per week for the Harolds Chicken franchisee at 9151 S. Ashland at the rate of $8.25 per hour. Walker Dec. at para. 21. Moreover, on or about February 1, 2011, Walker began working weekends and three additional 8 hour days per week for the Harolds Chicken at 9151 S. Ashland. Walker Dec. At para. 21. Since Walker would have continued working on weekends at the Harolds Chicken franchisee at 9151 S. Ashland even if he had not been discharged by Defendant Harolds Chicken, Walker contends that no interim earnings should be deducted from his lost

---

[2]The minimum wage increased to $8.25 per hour on July 1, 2010. See 820 ILCS 105/4.

wages until September 1, 2010 when be began working three days a week. *See NLRB v. Ferguson Electric Co*, 242 F.3d 426, 433 (2nd Cir. 2001). In addition, under the same principle, Walker contends that because he would have worked weekends even if he had not been discharged interim earnings in the amount of $66 per week (8 hours x $8.25 per hour) should be deducted from his lost wages for the period from approximately September 1, 2010 to February 1, 2011 when he worked weekends and one additional days a week, and $198 per week (24 hours x 8.25 per hour) should be deducted from his lost wages for the period from approximately February 1, 2011 to the present when he worked weekends and three additional days a week. Thus, Walker's interim earnings from September 1, 2010 to February 1, 2011 would have been $1452 (22 weeks x $66). Walker's interim earnings from February 1, 2011 to the present are $6930 (35 weeks x $198). Thus, his total interim earnings since his discharge are $8,382.00. As a result, Walker's total lost wages less interim earnings are $29,078 ($37,460 -$8,382).

19. Thus, Walker is also entitled to lost wages in the amount of $29,078 and liquidated damages in the amount of $29,078 on his Count VII FLSA claim.

20. Walker should also be awarded damages for emotional distress on his Count VII FLSA claim in the amount of $10,000. As set forth in paragraph 23 of his declaration, Walker suffered emotional distress because he was discharged. He could not pay his phone bill after his discharge and his phone was turned off on several occasions from the time of his discharge until the end of 2010 for at total of approximately three to four months for multiple failures to pay bills. He also did not have enough money to pay for public transportation to all the places he wanted to go. Thus, for approximately 18 months, he was not able to visit family members many of whom are senior citizens as often as he wanted. This has caused him depression and anxiety

and loss of sleep. Walker's Dec. at para. 23. Walker requests $10,000 in damages for emotional distress and believes that this request is reasonable because his evidence distress is greater than the evidence presented by the plaintiff in *Avita v. Metro. Club of Chicago*, 49 F.3d 1219, 1228-29 (7th Cir. 1995) (approving damages for emotional distress in the amount of $10,500).

21. In addition, Walker requests $10,000 in punitive damages. See *Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733-735 (7th Cir. 1998) (reinstating award of punitive damages in the amount of $9,100).

22. In summary, the total amount of damages Walker requests on his Count VII FLSA claim is $78,156 ($29,078 in back pay, $29,078 in liquidated damages, $10,000 in emotional distress damages and $10,000 in punitive damages. Walker's Count VIII and Count IX retaliatory discharge claims are largely duplicative of his Count VII FLSA retaliatory discharge claim with respect to damages. Under section 174/30 of the IWA, Walker would also be entitled to reinstatement, back pay and interest. Under his retaliatory discharge claim, he would also be entitled to lost wages and damages for emotional distress and punitive damages. *See Kelsay v. Motorola*, 74 Ill. 2d 172 (1979). Thus, Walker would request $49,078 in damages (back pay of $29,078, emotional distress damages of $10,000 and punitive damages of $10,000) on his on his Count VIII common law retaliatory discharge claim and $29,078 plus statutory interest at the rate of 6% on his Count IX IWA claim. However, since such damages would be duplicative of his recovery they should not be awarded in addition to Walker's FLSA damages, if he receives the damages requested on his Count VII FLSA claim.

    **C.**    **Walker's Damages on his Count I Title VII claim and Count II ADEA claim.**

23. As set forth in paragraph 10-12 of his First Amended Complaint, Harolds Chicken

knowingly, intentionally and willfully discriminated against Walker because of his age, religion and sex by discharging him, and by subjecting him to different terms and conditions of employment, including but not necessarily limited to (a) failing to accommodate his religion by scheduling him for hours that conflicted with the time off that he had requested to attend church, (b) denying him the job he was originally hired to perform and © failing to pay him by payroll check for all hours worked.

24. Under the ADEA, Walker is entitled to the following damages: reinstatement, and back pay. In addition, he is entitled to liquidated damages in the amount of the lost wages. 29 U.S.C. sec. 626(b).

25. Walker contends that he would be entitled to the same amount in back pay and liquidated damages for his Count II ADEA claim as he would be entitled to in back pay and liquidated damages for his Count V And Count VII FLSA claims. Thus, he requests damages in the amount of $59,676 ($29,848 in back pay and $29,848 in liquidated damages) for his Count II ADEA claim. However, since such damages would be duplicative of his recovery they should not be awarded in addition to Walker's FLSA damages, if he receives the damages requested on his Counts V and VII FLSA claims.

26. Under Title VII, Walker is entitled to the following damages: reinstatement, back pay, actual damages and punitive damages. See 42 U.S.C. 2000e-5(g) and 1981a.

27. Walker contends that he would be entitled to $49,848 in back pay, emotional distress damages and punitive damages on his Title VII claim. This is the same amount in back pay that he seeks for his Count V and VII FLSA claims (less liquidated damages).

28. As set forth above, Walker contends that he would be entitled to the same amount

9

for emotional distress that he seeks for his Count VII FLSA claim. Walker does, however, set forth additional evidence of emotional distress related to his discrimination claim in paragraphs 13-17 of his Declaration. Thus, if the Court awards Walker less than $10,000 in emotional distress on his Count VII FLSA claim, Walker requests $10, 000 in emotional distress damages on his Count I Title VII claim.

29. As set forth above, Walker contends that he would be entitled to the same amount for punitive damages on his Count I Title VII claim that he seeks for his Count VII FLSA claim. Thus, if the Court awards Walker less than $10,000 in punitive damages on his Count VII FLSA claim, Walker requests $10, 000 in punitive damages on his Count I Title VII claim. See *Blount v. Stroud*, 395 Ill. App. 8 (affirming judgment of $2,800,000 in punitive damages in section 1981 and retaliatory discharge action).

D.     **Attorney's Fees**

30. Walker is entitled to reasonable attorney's fees pursuant to his claims under section 2000e-5(k) of Title VII (Count I), section 626(b) of the ADEA (Count II), section 216(b) of the FLSA (Count V and VII), section 105/12(a) of the IMWL (Count III), section 115/14(a) of the IWCPA (Count IV) and section 174/30 of the IWA (Count IX).

31. Thus, Walker's attorney requests leave to file a petition for attorney's fees if damages are awarded to Plaintiff Walker.

E.     **Summary**

32. Walker requests that he be awarded damages in the amount of $1520 on his Count V FLSA claim. In the alternative, if he is awarded damages of less than $1155.20 on his Count V FLSA claim, he requests the he be awarded $1155.20 on his IMWL or IWCPA claims.

33. Walker requests that he be awarded damages in the amount of $78,156 on his Count VII FLSA claim. In the alternative, if he is awarded less than $58,156, he requests that he be awarded $58,156 on his ADEA claim. In the alternative, if he is awarded less than 39,078 on his Count VII FLSA claim or ADEA claim, he requests that he be awarded $39,078 on his Title VII claim.

34. Finally, Walker requests that his counsel be given leave to file his petition for attorney's fees at the appropriate time.

Wherefore, as a total award for all claims, Walker requests that he be awarded damages in the amount of $79,646.00 and that his counsel be given leave to file a petition for attorney's fees at the appropriate time.

                                  Respectfully submitted,

                                  **s/Robert R. Cohen**
                                  Robert R. Cohen

Robert R. Cohen (ARDC No. 6193698)
Frankel & Cohen
Attorney for Plaintiff
53 W. Jackson Blvd., Suite 1615
Chicago, IL 60602
(312) 759-9600
rcohen@frankelandcohen.com

Dated: October 17, 2011