Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5923 | **DATE** | March 13, 2012 |
| **CASE TITLE** | *Walker v. Harold's Chicken* | | |

**DOCKET ENTRY TEXT:**

Mr. Walker's "motion for judgment award of damages" [37] is granted in part and denied in part. Specifically, he may recover $500 in emotional distress damages for the FLSA claim and is not entitled to punitive damages for his FLSA, Title VII, or § 1981 claims. The remaining relief requested in the motion is granted. Counsel for Mr. Walker shall promptly submit a draft order to the court's proposed order email account.

■ [ For further details see text below.]

## STATEMENT

The court previously entered default against Harolds II Bar And Grill Inc., doing business as Harold's Chicken. Plaintiff Anthony Walker's "motion for judgment award of damages" is before the court.

In Mr. Walker's first amended complaint, he alleged that Harold's Chicken discriminated against him based on sex and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (Count I), 42 U.S.C. § 1981a (Count II) and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* (Count III), failed to pay overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Illinois Wage Payment Collection Act ("IWCPA"), 820 ILCS § 115/1, *et seq.* (Counts IV, V and VI), and discharged him in violation of § 215(a)(3) of the FLSA, the Illinois Whistleblower Act ("IWA"), 740 ILCS § 174/1, *et seq.*, and Illinois common law (Counts VII, VIII and IX).

As default has been entered against Harold's Chicken, the allegations in the first amended complaint are deemed admitted. *See, e.g., Black v. Lane*, 22 F.3d 1395, 1397 n.4 (7th Cir. 1994). Mr. Walter's motion lists the damages he seeks for each count. Two categories merit comment: emotional distress and punitive damages. Specifically, Mr. Wilson requests emotional distress in the amount of $10,000 as well as punitive

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

damages in the amount of $10,000 for his FLSA claim. In support, he states that he could not consistently pay his phone bill, resulting in disrupted service, and could not visit his family as desired as he did not always have money for public transportation. It is possible to obtain damages for emotional distress in connection with an FLSA claim, which allows a plaintiff to recover actual damages. *See Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1228-30 (7th Cir. 1995) (comparing standard for FLSA emotional distress claims with the more difficult standard used for state law claims for infliction of emotional distress). The court, however, finds as a matter of law that the distress suffered by Mr. Walker does not, as a matter of law, support a $10,000 award for emotional distress. The court does not mean to deprecate the negative feelings that Mr. Walker experienced based on the circumstances detailed in the amended complaint. Nevertheless, in an exercise of discretion and after studying the record, the court finds that an award of $500 in emotional distress damages is warranted for the FLSA claim. The court also declines to award any punitive damages as the request is based on a failure to pay overtime compensation under the FLSA. *See Shea v. Galaxie Lumber & Const. Co., Ltd.*, 152 F.3d 729, 734 (7th Cir. 1998) ("the punitive damages provision of 29 U.S.C. § 216(b) applies to claims under § 215(a)(3) for retaliation for filing an FLSA claim, but punitive damages are not available for claims based on a failure to pay overtime").

With respect to the Title VII and § 1981 claims, Mr. Walker seeks punitive damages. A plaintiff may recover punitive damages under Title VII and § 1981 if he "demonstrates that the defendant engaged in intentional discrimination 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *E.E.O.C. v. Management Hospitality of Racine, Inc.*, 666 F.3d 422, 437-38 (7th Cir. 2012), *quoting* 42 U.S.C. § 1981a(b)(1). To obtain punitive damages, a plaintiff must show that: (1) the employer acted "in the face of a perceived risk that its actions will violate the federal law; and (2) the employer's managerial agent recklessly disregarded the plaintiff's federally protected rights while acting within the scope of employment." *Id*. (internal citations and quotations omitted). An employer, however, may avoid liability if it establishes that it made a good faith effort to implement an anti-discrimination policy. *Id*. The record here does not show that Harold's Chicken acted with the necessary reckless mental state and the court declines to infer any mental state based on the fact that Harold's Chicken has been found liable for discrimination. Thus, Mr. Walker may not receive punitive damages for his Title VII or § 1981 claims.

The remaining damages sought by Mr. Walker are appropriate and supported by the record. Accordingly, Mr. Walker's "motion for judgment award of damages" [37] is granted in part and denied in part. Specifically, he may recover $500 in emotional distress damages for the FLSA claim and is not entitled to punitive damages for his FLSA, Title VII, or § 1981 claims. The remaining relief requested in the motion is granted. Counsel for Mr. Walker shall promptly submit a draft order to the court's proposed order email account.